**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **DEBRA B. CROFT,** | ) | **Case Number:** `3:14-cv-04630-MGL` |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BAYVIEW LOAN SERVICING, LLC,** | ) | |
| **EQUIFAX, INC., and EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

<u>**COMPLAINT**</u>
**(Plaintiff Demands Trial by Jury)**

NOW COMES Debra B. Croft ("Plaintiff"), files this Complaint against Bayview Loan Servicing, LLC ("Bayview"), Equifax, Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian", collectively the "Defendants"), and shows the Court the following:

### I.  <u>JURISDICTION AND VENUE</u>

1.

Bayview is a Delaware limited liability company and lending institution doing business in the State of South Carolina. The Defendant may be served with process by service upon its duly appointed agent for service of process, C T Corporation System, at 2 Office Park Ct., Columbia, South Carolina 29223. It is subject to the jurisdiction of this Court, and venue is proper.

2.

Equifax is a Georgia corporation and a credit reporting agency doing business in the State of South Carolina. The Defendant may be served with process by service upon its duly appointed

agent for service of process, Prentice Hall Corp, at 1703 Laurel St., Columbia, South Carolina 29201. It is subject to the jurisdiction of this Court, and venue is proper.

3.

Experian is an Ohio corporation and a credit reporting agency doing business in the State of South Carolina. The Defendant may be served with process by service upon its duly appointed agent for service of process, C T Corporation System, at 2 Office Park Ct., Columbia, South Carolina 29223. It is subject to the jurisdiction of this Court, and venue is proper.

4.

Plaintiff is and for all relevant times has been a resident of Richland County, South Carolina.

5.

This matter necessarily concerns a stated federal issue that is in dispute and substantial, which this Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

6.

This court has jurisdiction over this case because the Plaintiff's claims arise under the Fair Credit Reporting Act (FCRA), codified as 15 U.S.C.A. § 1681 et seq. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1441 and 15 U.S.C.A. § 1681p. The Court has pendent jurisdiction over the Plaintiff's State Law claims.

## II. GENERAL ALLEGATIONS

7.

Plaintiff is informed and believes and on that basis alleges that Bayview was engaged in the practice of assembling, submitting and communicating consumer credit information on

consumers to credit reporting agencies such as Experian and Equifax for purposes of furnishing consumer reports to third parties in exchange for monetary fees.

8.

Plaintiff is informed and believes and on that basis alleges that Bayview furnished to Equifax and Experian false credit information and information which they knew to be false regarding an alleged debt owed by Plaintiff to Bayview in the amount of $87,065.00.

9.

Specifically, Bayview reported a foreclosure of collateral for a revolving business line.

10.

Equifax and Experian are businesses which operate to provide business entities with credit information about prospective or current customers with regard to their credit ratings, and their actions are regulated in part by the Fair Credit Reporting Act.

11.

The Plaintiff shows that Experian and Equifax each maintain credit files on the Plaintiff, and have done so for a period of years through the time of the filing this Complaint.

12.

On or around November 13, 2007, Plaintiff entered into a guaranty agreement with Interbay Funding, LLC (the "Guaranty") securing a note for a line of credit to Plaintiff's business Kirby Croft Florist & Greenhouse, Inc. recorded in the public records of Richland County on November 14, 2007, in Book 1375 at Page 2727. Thereafter, Interbay Funding, LLC assigned the Mortgage to Bayview by assignment dated February 22, 2008, and recorded April 16, 2008, in Book 1420 at Page 3796. A true and correct copy of the Guaranty is attached hereto as "Exhibit

A".

### 13.

An action on the Guaranty was brought by Bayview in the Richland County Court of Common Pleas in civil action no. 2010-CP-40-2715 (the "Action"). The Action was dismissed with prejudice by Order of the Court on January 5, 2011 with the consent of Bayview and was not appealed. As a result of this judgment, Bayview was informed that it could no longer enforce the Guaranty and therefore Plaintiff was not obligated under the Guaranty. A true and correct copy of the judgment is attached hereto as "Exhibit B".

### 14.

On or around March of 2012, Bayview began reporting to Equifax and Experian that the account was past due and foreclosed upon. Plaintiff is informed and believes and on that basis alleges that the furnishing of this false information to Equifax and Experian immediately resulted in an adverse effect to Plaintiff's credit worthiness.

### 15.

Sometime shortly thereafter, Plaintiff was informed by several of her insurance providers that her premiums were increased as a result of the adverse effect to her credit worthiness.

### 16.

Upon discovering the false information on her credit reports as published by Equifax and Experian and furnished by Bayview, Plaintiff contacted the Defendants to dispute the claims in September of 2012.

### 17.

The Plaintiff shows that she became aware that the Experian and Equifax credit reports

contained various inaccuracies and untruthful statements regarding matters being reported by Bayview, and the Plaintiff made written demands in 2012 upon Experian and Equifax for verification of the disputed accounts, along with demands that the disputed information be removed from the credit files regarding the Plaintiff.

18.

Plaintiff shows that she then made written demands in 2012 upon Bayview notifying them it that the alleged debt was false and demanding that Bayview request that the disputed information be removed from the credit files regarding the Plaintiff.

19.

Plaintiff is informed and believes and on that basis alleges that Bayview wrongfully and without any further investigation refused to correctly report it to credit reporting agencies after they had been advised of the false nature and origin of the debt.

20.

Plaintiff shows that Bayview did not remove the debt as required after notification of the falsity of the debt or otherwise investigate the accuracy of the alleged debt.

21.

Plaintiff has continued to be charged additional fees and heightened rates for insurance she previously carried as a direct result of the actions by Defendants. Similarly, Plaintiff's business reputation has been injured due to the improper acts of Defendants. Further, Plaintiff was unable to acquire favorable financing terms when seeking loans for purposed of purchases such as replacement vehicles. Plaintiff has been directly harmed by additional fees and charges to her personal and business transactions as a direct result of Defendants' improper acts.

22.

Plaintiff is informed and believes and on that basis alleges that Defendants were and are fully aware that the improper actions they took and continue to take would result in the harms alleged and the future harm to Plaintiff.

### III.  COUNT ONE: VIOLATION OF 15 U.S.C. § 1681 ET SEQ.

23.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-22 above as though restated in full.

24.

The Plaintiff shows that Experian and Equifax violated their duty to properly demand verification from Bayview, as required by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), and the failed in their duty to remove the erroneous items from the Plaintiff's credit reports.

25.

Plaintiff is informed and believes and on that basis alleges that in furnishing the above mentioned consumer credit report to credit reporting agencies, Bayview knew that such information would be included in credit reports compiled and provided to and considered by third parties in connection with determinations regarding Plaintiff's creditworthiness and capacity. In submitting such information regarding Plaintiff to credit reporting agencies and prior to doing so, Bayview had a duty to investigate the origin, accuracy and validity of the debt.

26.

In making the above mentioned consumer credit report the Defendants knew the debt to be fraudulent because Plaintiff had previously notified them and sent supporting documentation. The Defendants acted in violation of the FCRA when they reported the alleged debt of Plaintiff in the amount of $87,065.00, purportedly owed to Bayview, even though the alleged incurrence of such debt was shown to be false. In doing so, the Defendants violated the FCRA in that each Defendant, respectively, failed to maintain reasonable procedures to avoid including incorrect information in the consumer credit report, in violation of 15 U.S.C. § 1681e(b).

27.

In failing to comply with the FCRA in the manner described above, Bayview did negligently and/or willfully:

(A)     Submit the debt to credit reporting agencies when it knew full well that the debt had been disputed by Plaintiff and they never provided any substantiating document that the debt was valid or that of Plaintiff;

(B)     Failed to investigate or delete inaccurate information in violation of 15 U.S.C. § 1681 s–2;

(C)     Furnished a subsequent report to credit reporting agencies containing unverified, adverse information regarding Plaintiff in Violation of 15 U.S.C. § 1681 s–2.

28.

Bayview violated the FCRA in that it wrongfully and without basis or justification certified to credit reporting agencies that the debt was accurate and duly incurred by Plaintiff, after it had been disputed by Plaintiff, without any basis for doing so.

29.

In failing to comply with the FCRA in the manner described above, Equifax and Experian did negligently and/or willfully:

(A)     Include information regarding the Bayview debt submitted by Bayview when it had previously been disputed by Plaintiff without making any reinvestigation or including any explanation by Plaintiff;

(B)     Fail to investigate or delete inaccurate information in violation of FCRA;

(C)     Fail to note a dispute regarding the information in its file in connection with the Bayview Debt in Violation of FCRA;

(D)     Furnish a subsequent report regarding Plaintiff which contained unverified adverse information in Violation of FCRA;

(E)     Fail to reinvestigate the inclusion of the debt as required by FCRA after Plaintiff had informed them that the debt was fraudulent in origin.

30.

Plaintiff is informed and believes and on that basis alleges that the Defendants did knowingly or should have known that the above stated acts were improper as other reporting agencies immediately recognized the falsity of the information when Plaintiff disputed the information and removed the false information.

31.

The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of

litigation, as well as such further relief, as may be permitted by law.

32.

Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

### IV.  COUNT THREE: VIOLATION OF S.C.CODE ANN. § 39–5–10, ET SEQ.

33.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-32 above as though restated in full.

34.

Defendants have engaged in unfair deceptive practices, including seeking payment for a debt that is not owed, refusing to provide proof of such debt on demand, false reporting to credit agencies, falsely confirming the debt to credit reporting agencies, and other deceptive and unfair acts.

35.

Plaintiff is informed and believes and on that basis alleges that Defendants have engaged in the deceptive practices previously described and that the unfair and/or deceptive acts or practices have an impact upon the public interest and have the potential for repetition.

36.

The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full

amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.  COUNT FIVE: INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

37.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-36 above as though restated in full.

38.

The Defendants intentionally interfered with the Plaintiff's potential contractual relations for an improper purpose or by improper methods and that interference caused injury to the Plaintiff.

39.

On or around the end of 2012, Plaintiff entered into an agreement with Modern Hyundai of Concord, NC, by which Plaintiff was undertaking the process of purchasing a personal vehicle. Plaintiff agreed to enter into certain financing with Modern Hyundai of Concord, NC in order to finance the purchase of the vehicle. The agreement required that the financing terms be agreeable to Plaintiff. Modern Hyundai of Concord, NC informed Plaintiff that the adverse effect to Plaintiff's credit worthiness resulted in its inability to provide reasonable financing terms.

40.

Bayview was informed in December that its failure to correct the inaccurate information in a timely fashion could subject plaintiff to the inability to acquire adequate financing for the purchase of the vehicle in conformance with the above mentioned agreement.

41.

Bayview nevertheless negligently failed to correct the inaccurate information.

42.

As a proximate result of defendant's negligent acts, plaintiff's was unable to obtain necessary financing in time to complete her acquisition of the vehicle. As a proximate result of this, plaintiff was compelled to pay in cash and lost the economic value in making payments over a longer period of time or the ability to purchase a more economical vehicle.

## VII. COUNT SIX: INTERFERANCE WITH CONTRACT

43.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-42 above as though restated in full.

44.

Plaintiff, Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company had agreed upon certain terms for the provision of insurance coverage. The Defendants, by way of common knowledge, should have had knowledge of these contracts and intentionally procured its breach through the previously stated improper acts. The Defendants acted without justification and the plaintiff has suffered prejudice.

45.

Plaintiff has been a customer of Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company for several years prior to the events described in this action. During this time plaintiff has fulfilled all obligations under the contract in a good and efficient manner and her insurer was satisfied.

46.

Plaintiff had been assured by Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company that plaintiff would retain the same terms of coverage without certain events taking place.

47.

On or about March of 2014, Defendants, through their agents, servants, or employees, well-knowing that Plaintiff likely had insurance coverage and that such coverage would be detrimentally impacted by a change in Plaintiff's credit reports, notified the insurance companies through the publishing of said reports that the Plaintiff's credit reputation was less credit worthy.

48.

Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company had been completely satisfied with the performance of Plaintiff under the terms of the insurance contracts and was caused and forced to change the terms of the agreement because of the false information being reported on Plaintiff's credit report.

49.

On or around late spring early summer of 2014, Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company agreed with plaintiff that the in order for Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company to continue offering insurance coverage on the terms previously provided, Plaintiff would be required to pay additional premiums.

50.

Plaintiff sought coverage from other insurance carriers but has been unable to receive comparable coverage for the previous premiums she was being charged.

51.

The conduct of defendants amounts to malicious interference with plaintiff's contract with Progressive Insurance Services, Inc., and Universal Property & Casualty Insurance Company.

52.

Plaintiff has sustained extensive financial loss due to the increased premiums and inability to obtain comparable insurance for the same premium as prior to the acts of the Defendants and also has suffered irreparable damage to her reputation in the community.

WHEREFORE the Plaintiff, Debra B. Croft, prays for the following relief:

(a)    Actual Damages;

(b)    Statutory Damages;

(c)    Punitive Damages;

(d)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)    Such other and further relief as may be necessary.


Respectfully submitted.

**GLEISSNER LAW FIRM, L.L.C.**
1237 Gadsden St., Suite 200A
Columbia, South Carolina 29201
(803) 787-0505
Attorney for the Plaintiff


BY:    \s\Richard R. Gleissner
RICHARD R. GLEISSNER
U.S. District Court ID # 5389

Columbia, South Carolina

December 5, 2014