

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DEBRA B. CROFT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-04630-MGL |
| | § | |
| BAYVIEW LOAN SERVICING, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.     INTRODUCTION**

This is a Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, action. The Court has jurisdiction over the matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Pending before the Court is Defendant Bayview Loan Servicing, LLC's motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendant's motion for summary judgment will be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

In November 2007, Plaintiff Debra B. Croft entered into a guaranty agreement with Interbay Funding, LLC, securing a promissory note for a line of credit for Kirby Croft Florist & Greenhouse, Inc. (Florist Shop). ECF No. 79-1 at 1. Plaintiff partially owned the Florist Shop as a minority shareholder. ECF No. 81 at 4. Subsequently, the loan was assigned to Defendant, and the loan itself

was secured by a mortgage on the real property of the Florist Shop.  ECF No. 79-1 at 2.  Though Plaintiff contends she was fraudulently induced by the other shareholders of the Florist Shop to sign the guaranty, ECF No. 81 at 4-5, Plaintiff nevertheless admits to signing the guaranty, ECF No. 79-2 at 3-4.

After removing Plaintiff from all responsibility for the management of the Florist Shop, the other shareholders of the Florist Shop failed to make the first payment due on the loan in January 2008, and following this default, Defendant commenced a lawsuit in South Carolina state court seeking foreclosure of the mortgage and a judgment on the guaranty.  ECF No. 79-1 at 2, ECF No. 81 at 4-5.  Defendant named Plaintiff as a party to the lawsuit pursuant to her status as a guarantor for the loan.  ECF No. 79-1 at 2.  Eventually, the court entered a dismissal as to Plaintiff on January 5, 2011.  ECF No. 79-5 at 2-3.

Despite this dismissal, Defendant began reporting the foreclosure to the three major credit reporting agencies in March 2012.  ECF No. 79-1 at 3.  Plaintiff's insurance carrier subsequently alerted her to the foreclosure claim on her credit report, and in September 2012, she contacted the credit reporting agencies to dispute the entry of the foreclosure on her credit report.  ECF No. 81 at 6.  Transunion immediately removed the foreclosure entry from its credit report, but Experian first contacted Defendant to verify the accuracy of the foreclosure entry.  *Id.*; ECF No. 79-1 at 3.  Upon receiving the verified information, Experian presented Plaintiff with an updated credit report; however, the report still contained the loan default and foreclosure entry.  ECF No. 79-1 at 3-4.

Plaintiff also submitted a credit dispute to Defendant by facsimile on October 4, 2012, disputing the entry of any credit reporting related to the foreclosure action.  ECF No. 79-2 at 8-11. Defendant replied by letter to Plaintiff on October 30, 2012, informing Plaintiff that it would not be

making any change in reporting the foreclosure on her credit report. ECF No. 79-1 at 4. In her deposition, Plaintiff admitted receipt of Defendant's letter and expressed her understanding that Defendant would not be changing its reporting of the foreclosure on her credit report. ECF No. 79-2 at 13-14.

Plaintiff filed her Complaint in this action on December 5, 2014, and she filed an Amended Complaint on April 24, 2015. In the Amended Complaint, she alleges four causes of action against Defendant: (1) violation of the FCRA, 15 U.S.C. § 1681; (2) violation of the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-10; (3) interference with prospective contractual relations; and (4) interference with contract. ECF No. 46.

Defendant filed a motion for summary judgment on December 22, 2015. The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motion.

### III.    STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.

*See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

## IV.     CONTENTIONS OF THE PARTIES

In its motion for summary judgment, Defendant first alleges that Plaintiff's FCRA claim is barred by the two-year statute of limitations provided in the FCRA.  Alternatively, Defendant avers that its credit reporting was not misleading, and, thus, Plaintiff's FCRA claim fails on that ground.

Defendant next contends that Plaintiff's SCUTPA claim is preempted by the FCRA, barred by the SCUTPA statute of limitations, and fails as a matter of law.  Defendant also propounds that Plaintiff has failed to establish all the required elements for her interference with prospective contractual relations and interference with contract claims.  Plaintiff disputes each of these assertions.

V.     **DISCUSSION AND ANALYSIS**

    A.     **Plaintiff's Federal Law Claim**

As observed above, Defendant first maintains that Plaintiff's claim for a violation of the FCRA is barred by the two-year statute of limitations set forth in the FCRA.  In her Amended Complaint, Plaintiff urges that Defendant violated the FCRA by wrongfully certifying to the credit reporting agencies that the foreclosure debt was accurate and duly incurred by Plaintiff, after Plaintiff disputed the foreclosure entry, without any basis for so reporting. ECF No. 46 ¶ 28.  Under the undisputed facts of this case, Plaintiff's FCRA claim is barred by the two-year statute of limitations.

The parties agree that the relevant statute of limitations for FCRA claims is contained at 15 U.S.C. § 1681p, which provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. The two-year period is the relevant statute of limitations for Plaintiff's FCRA claim in this case, and, consequently, the limitations period begins to run when a party knows or should know, through the exercise of due diligence, that a cause of action might exist. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 260 n.11 (4th Cir. 2007).

The FCRA imposes duties on the furnishers of consumer credit information; specifically, where a furnisher of information is notified of a dispute regarding the accuracy of information previously disclosed, the FCRA imposes a duty on the furnisher to review such information and report whether it was incomplete or inaccurate. 15 U.S.C. § 1681s-2(b); *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008). However, although there is a private right of action under § 1681s-2(b), duties arise under that provision only upon the furnisher's receipt of notice from a credit reporting agency that information has been disputed. *See Mavilla v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 208 (4th Cir. 2013).

Here, Experian contacted Defendant regarding the notice of dispute it received from Plaintiff, and after Defendant verified the accuracy of the foreclosure entry, Experian provided Plaintiff with an updated credit report on September 18, 2012. ECF No. 79-1 at 3-4. Consequently, Defendant's duties under § 1681s-2(b) arose when it received notice of Plaintiff's dispute from Experian in September 2012. Plaintiff also contacted Defendant directly to dispute the foreclosure entry, which Defendant investigated, and on October 30, 2012, Defendant sent Plaintiff a letter informing her of its determination that the foreclosure entry was accurate and that it would not be removing the entry from her credit report. *Id.* at 4. In her deposition testimony, Plaintiff articulated her understanding that Defendant would not be changing the foreclosure entry on her credit report. ECF No. 79-2 at 13-14. Therefore, Plaintiff knew or should have known of the alleged FCRA violation at the latest

when she received Defendant's October 30, 2012, letter refusing to remove the foreclosure entry from her credit report.

Plaintiff points to cases involving securities fraud to support her argument that the discovery of an FCRA violation does not occur at the time of "inquiry notice" but rather at the point when a "reasonably diligent plaintiff would have discovered the facts constituting the violation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). However, the Court is unpersuaded by Plaintiff's argument. In particular, cases alleging securities fraud involve violations with distinctly different elements from those present in FCRA claims, namely the requirement that the plaintiff prove the defendant's scienter. *See id.* at 648-49. Contrary to Plaintiff's position, a plaintiff alleging an FCRA claim need not be fully aware of the specific failures of the furnisher's investigation before the two-year statute of limitations commences. Rather, Plaintiff discovered the alleged FCRA violation when she received Defendant's October 30, 2012, letter informing her that it would not change the credit entry. Because Plaintiff commenced this lawsuit on December 5, 2014, more than two years after the date she discovered the alleged violation, her FCRA claim is barred by the two-year statute of limitations in the FCRA.

### B.     Plaintiff's Remaining State Law Claims

Upon finding that Plaintiff's federal FCRA claim fails as a matter of law, the Court must then determine whether it should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(3)-(4). As noted by the Fourth Circuit Court of Appeals,

"Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353-54 (1988)).  In exercising this discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n.7).  In the event a court declines to exercise supplemental jurisdiction, the "period of limitations" for remaining claims "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d).

After dismissing Plaintiff's FCRA claim arising under federal law, Plaintiff's remaining claims alleging violation of the SCUTPA, interference with prospective contractual relations, and interference with contract all arise under South Carolina law.  Here, the Court is unable to find that the parties would be inconvenienced or unfairly prejudiced by declining to exercise supplemental jurisdiction over the remaining claims, nor does the Court find there to be any underlying issues of federal policy involved in Plaintiff's state law claims.  The Court holds the comity factor to weigh in favor of declining to exercise supplemental jurisdiction, and considerations of judicial economy demand the Court decline to exercise supplemental jurisdiction.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Given that these holdings are dispositive of the case, the Court need not address the parties' remaining arguments.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED** as to Plaintiff's FCRA claim. Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** so that she can pursue them in state court if she wishes to do so.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2016, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE