

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DEBRA B. CROFT, §<br>　　　Plaintiff, §<br>§<br>vs. §<br>§<br>BAYVIEW LOAN SERVICING, LLC, §<br>EQUIFAX INFORMATION SERVICES, §<br>LLC, and EXPERIAN INFORMATION §<br>SOLUTIONS, INC., §<br>　　　Defendants. § | CIVIL ACTION NO. 3:14-04630-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND**

**I.    INTRODUCTION**

This is a Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, action. The Court has jurisdiction over the matter under 28 U.S.C. § 1331. Pending before the Court is Plaintiff Debra B. Croft's Federal Rule of Civil Procedure 59(e) motion to alter or amend the Court's Order granting Defendant Bayview Loan Servicing, LLC (Defendant Bayview)'s motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Plaintiff's motion will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

On April 24, 2015, Plaintiff filed her Amended Complaint against Defendant Bayview, a lending institution that provides credit information to consumer reporting agencies such as

Defendant Equifax Information Services, LLC (Defendant Equifax) and Defendant Experian Information Solutions, Inc. (Defendant Experian), complaining in part of what she thought to be several violations of the FCRA. ECF No. 46. Because Plaintiff settled with Defendant Equifax and Defendant Experian, Defendant Bayview is the only defendant left in the lawsuit. ECF No. 72.

The relevant facts for purposes of this motion are as follows: Plaintiff became aware that Defendant Bayview began reporting a foreclosure claim on her credit report sometime after March 2012. In September 2012, Plaintiff contacted Defendant Equifax and Defendant Experian to dispute the entry. ECF No. 81 at 6. Defendant Experian first contacted Defendant Bayview regarding the notice of dispute, and after Defendant Bayview verified the accuracy of the foreclosure entry, Defendant Experian provided Plaintiff with an updated credit report on September 18, 2012. ECF No. 79-1 at 3-4. However, the loan default and foreclosure entry that Plaintiff had previously disputed remained on the updated credit report. *Id.*

Plaintiff also submitted a credit dispute directly to Defendant Bayview on October 4, 2012. Defendant Bayview, upon investigating the dispute, responded to Plaintiff by letter on October 30, 2012, informing her that it would not remove the foreclosure entry from her credit report. *Id.*; ECF No. 79-2 at 8-11. In Plaintiff's deposition, she admitted receipt of Defendant Bayview's October 30, 2012, letter and expressed her understanding that Defendant Bayview would not be changing its reporting of the foreclosure on her credit report. ECF No. 79-2 at 13-14. In Plaintiff's response in opposition to Defendant Bayview's motion for summary judgment, however, she presented an affidavit wherein she stated that she believed Defendant's decision may have been made as a result of miscommunications. ECF No. 81-1 ¶ 16. Her affidavit further averred that she had yet to discover Defendant Bayview's unreasonable investigation until December 2013. *Id.* ¶ 18.

Defendant Bayview filed a motion for summary judgment on December 22, 2015, which the Court granted on February 10, 2016, holding that Plaintiff's allegations arising under the FCRA are barred by the two-year statute of limitations set forth by the FCRA. ECF No. 84. Then, on February 19, 2016, Plaintiff filed her motion under Rule 59(e) to alter or amend the Court's Order granting Defendant Bayview's motion for summary judgment. ECF No. 86. Defendant Bayview filed its response in opposition on March 7, 2016, ECF No. 87, and Plaintiff filed her reply on March 17, 2016, ECF No. 88. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

## III.     STANDARD OF REVIEW

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

## IV. CONTENTIONS OF THE PARTIES

In Plaintiff's motion, she requests the Court alter or amend its Order granting Defendant Bayview's motion for summary judgment under Rule 59(e)'s third basis; namely, that the Court correct a clear error of law or prevent manifest injustice. ECF No. 86 at 5. Plaintiff asserts that the Court erred by considering only one of the violations alleged under the FCRA, specifically the duty to correct an inaccurate report. *Id.* at 1-2, 5. Plaintiff therefore claims that the Court failed to examine the other purported violations of failure to maintain reasonable procedures to avoid the inclusion of incorrect information in the consumer credit report under 15 U.S.C. § 1681e(b) and failure to investigate or delete inaccurate information under § 1681s-2. *Id.* at 5-6. Plaintiff further propounds that the Court erred by supposedly making an inference in favor of Defendant Bayview by finding that the actions against Defendant Bayview for an improper and unreasonable investigation are precluded by the statute of limitations. *Id.* at 6-8. Finally, Plaintiff insists that the Court committed a clear error of law by failing to require a conclusive showing of Plaintiff's knowledge of the averred deficiencies in Defendant Bayview's investigation. *Id.* at 8-12.

Defendant Bayview disputes each of these assertions.

## V. DISCUSSION AND ANALYSIS

### A. Plaintiff's charge that the Court erred in considering just one of her stated FCRA violations

Plaintiff first maintains that the Court erred by considering only one of Defendant Bayview's stated FCRA violations to the exclusion of the other FCRA allegations in her Amended Complaint. Plaintiff's Amended Complaint claims that Defendant Bayview "had a duty and continues to have a duty to investigate the origin, accuracy, and validity of the debt." ECF No. 46 ¶ 25. The Amended

4

Complaint further states Defendants "failed to maintain reasonable procedures to avoid including incorrect information in the consumer credit report, in violation of 15 U.S.C. § 1681e(b)." *Id.* ¶ 26. Finally, the Amended Complaint asserts Defendant Bayview "[f]ailed to investigate or delete inaccurate information in violation of 15 U.S.C. § 1681s-2." *Id.* ¶ 27. In Plaintiff's Rule 59(e) motion, she urges that the Court "completely disregard[ed]" her allegations of the violations under § 1681e(b) and § 1681s-2. ECF No. 86 at 6.

However, Plaintiff's assignment of error is meritless. The Court unquestionably addressed Defendant Bayview's duties and the avowed violations arising under § 1681s-2. Section 1681s-2 provides, in relevant part:

> (b) Duties of furnishers of information upon notice of dispute
> (1) In general
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
>> (A) conduct an investigation with respect to the disputed information;
>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>> (C) report the results of the investigation to the consumer reporting agency;
>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
>>> (i) modify that item of information;
>>> (ii) delete that item of information; or
>>> (iii) permanently block the reporting of that item of information.

§ 1681s-2(b)(1).

In the Order, the Court explained Defendant Bayview's duty under § 1681s-2 to investigate disputes regarding the accuracy of information previously disclosed to credit reporting agencies and

to report whether such information was incomplete or inaccurate. ECF No. 84 at 6. Further, the Court analyzed the facts of the case, wherein Defendant Experian notified Defendant Bayview of Plaintiff's dispute, triggering Defendant Bayview's duties under § 1681s-2, including the duty to investigate. Defendant Bayview did this when it investigated the accuracy of the foreclosure entry. *Id.* at 6-7. Based on the October 30, 2012, letter and Plaintiff's deposition testimony, wherein she testified that she received Defendant Bayview's October 30, 2012, letter and stated that it was her understanding that Defendant Bayview would not be changing its reporting of the foreclosure on her credit report, the Court determined that Plaintiff's FCRA claim was barred by the FCRA's two-year statute of limitations. *Id.* Thus, the Court addressed Plaintiff's allegations under § 1681s-2. Consequently, to state that the Court "completely disgregard[ed]," ECF No. 86 at 6, Plaintiff's allegations under § 1681s-2 strains the bounds of credulity.

Plaintiff's contention that the Court erred by failing to address her claim under § 1681e(b) is misguided as well. Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b). Notably, the duties under this FCRA section apply to a "consumer reporting agency," which the FCRA defines as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

§ 1681a(f).

As a careful reader will readily observe, under the terms of the FCRA, Plaintiff's claims for a violation of § 1681e(b) are cognizable against only Defendant Equifax and Defendant Experian because they are, as already observed, consumer reporting agencies. The § 1681e(b) claim cannot be against Defendant Bayview, however, because it is not a consumer reporting agency under the terms of the FCRA. *See* § 1681s-2; § 1681e(b). Instead, Defendant Bayview is a lending institution, which merely provides information to the consumer reporting agencies. *See, e.g.*, *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (7th Cir. 2008) (finding that the defendant mortgage corporation was not a consumer reporting agency because "a creditor who merely passes along information concerning particular debts owed to it is not a purveyor of consumer reports" (internal quotation marks omitted)); *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (per curiam) (noting that "[a] consumer report does not include 'any report containing information solely as to transactions or experiences between the consumer and the person making the report'" and holding that the defendant was not acting as a consumer reporting agency because it "did no more than furnish information regarding an account in the name of [the plaintiff] to a credit reporting agency" (quoting 15 U.S.C. § 1681a(d)(2)(A)(I))). Thus, because Defendant Bayview is a furnisher of information to the consumer reporting agencies, but not a consumer reporting agency itself, Plaintiff's allegation of a § 1681e(b) violation against Defendant Bayview is without merit, and the Court committed no error by avoiding consideration of a § 1681e(b) violation by Defendant Bayview in its Order.

### B. Plaintiff's allegation that the Court made an improper inference

Second, Plaintiff propounds that the Court erred by allegedly making an inference in favor of Defendant Bayview by finding that the actions against Defendant Bayview for improper

investigation are precluded by the statute of limitations. ECF No. 86 at 6-8. Plaintiff asseverates that the Court's finding that she knew or should have known of the claimed FCRA violation at the latest when she received Defendant Bayview's October 30, 2012, letter refusing to remove the foreclosure entry from her credit report is necessarily an inference in favor of Defendant Bayview. *Id.* at 6-7. Plaintiff is mistaken on this ground as well.

In Plaintiff's deposition testimony, she articulated her understanding that the October 30, 2012, letter from Defendant Bayview established that Defendant Bayview had determined the foreclosure entry was accurate and would not be removing the entry from her credit report. ECF No. 79-2 at 13-14. Plaintiff's later-submitted affidavit states that she believed Defendant Bayview's decision may have been made as a result of miscommunications. ECF No. 81-1 ¶ 16. Thus, Plaintiff would have the Court conclude based on this affidavit that she had yet to discover Defendant Bayview's unreasonable investigation until December 2013. ECF No. 86 at 7. However, Plaintiff is unable to avoid summary judgment by submitting an affidavit that conflicts with earlier deposition testimony. *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1986). Indeed, "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (internal quotation marks omitted). Moreover, "a genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Id.*

Where, as here, Plaintiff's affidavit contradicts her deposition testimony, the Court relied on Plaintiff's deposition testimony, wherein she admitted receipt of Defendant Bayview's October 30, 2012, letter and expressed her understanding that Defendant Bayview would not be changing its

8

reporting of the foreclosure on her credit report. ECF No. 79-2 at 13-14. "[W]here the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment." *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 530-31 (9th Cir. 1985). In other words, "if the essential facts are undisputed and allow only one conclusion, . . . then summary judgment is proper." *Sawtell v. E.I. du Pont de Nemours & Co.*, 22 F.3d 248, 252 (10th Cir. 1994). And, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986). Consequently, the Court did not err in its reliance on Plaintiff's deposition testimony in concluding that Plaintiff knew or should have known of the claimed FCRA violation at the latest when she received Defendant Bayview's October 30, 2012, letter.

    **C.**    **Plaintiff's suggestion that the Court failed to require a conclusive showing of Plaintiff's knowledge of the professed deficiencies in Defendant Bayview's investigation**

Third, Plaintiff declares the Court committed a clear error of law by failing to require a conclusive showing of Plaintiff's knowledge of the professed deficiencies in Defendant Bayview's investigation. ECF No. 86 at 8-12. Here, Plaintiff stresses that the Court mistakenly held that a plaintiff asserting an FCRA claim need not be fully aware of the specific failures of the furnisher's investigation before the two-year statute of limitations commences. *Id.* at 8.

The cogency of this argument eludes the Court. The cases cited by Plaintiff in support of her position are inapposite. First, Plaintiff cites *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286 (S.D.N.Y. 2014), for the proposition that the Court should have determined Plaintiff discovered the alleged FCRA violation in December 2013, when she purportedly learned the

October 30, 2012, letter was due to an unreasonable investigation, ECF No. 86 at 12. However, *Marcinski* in fact cuts against Plaintiff's argument and would impose an even earlier discovery date than what the Court found in its Order granting Defendant Bayview's motion for summary judgment.

In *Marcinski*, consumer reporting agencies Equifax and Trans Union submitted notice of the plaintiff's dispute as to delinquent credit card accounts on his credit report to the furnishers of this information. 36 F. Supp. 3d at 288. The furnishers conducted an investigation into the dispute and determined the delinquent accounts would remain on the plaintiff's credit record, whereupon Equifax and Trans Union notified the plaintiff that his credit report would not be changed. *Id.* In determining the date the plaintiff discovered the furnishers had failed to comply with their FCRA duties to conduct a reasonable investigation, the court held that the plaintiff discovered the FCRA violations upon receiving the notices from Equifax and Trans Union, and the court found that the two-year statute of limitations began to run on the dates the plaintiff received those notices. *Id.* at 290.

Here, Defendant Experian contacted Defendant Bayview regarding the notice of dispute it received from Plaintiff, and after Defendant Bayview verified the accuracy of the foreclosure entry, Defendant Experian provided Plaintiff with an updated credit report on September 18, 2012. ECF No. 79-1 at 3-4. Following *Marcinski*'s reasoning, the Court would have held that the two-year statute of limitations on Plaintiff's FCRA claims began to run on September 18, 2012. However, the Court determined that Plaintiff knew or should have known of the professed FCRA violations at the latest when she received Defendant Bayview's October 30, 2012, letter refusing to remove

10

the foreclosure entry from her credit report, providing Plaintiff with additional time under the statute of limitations. ECF No. 84 at 6-7.

Further, Plaintiff cites *Vasquez-Estrada v. Collecto, Inc.*, No. 3:14-CV-01422-ST, 2015 WL 6163971 (D. Or. Oct. 20, 2015), noting that court found a letter received by the plaintiff after the dispute evidencing the defendant's failure to correct the mistake was insufficient evidence of the plaintiff's discovering the deficient investigation. *Id.* at *3. In that case, the plaintiff disputed debts on his credit report, but he later received a letter from a third party collection agency attempting to collect the debt. *Id.* The court held that the notice of continued collection of the plaintiff's disputed debt was simply not evidence of constructive discovery that the defendants had conducted a deficient investigation in violation of 15 U.S.C. § 1681s-2(b) sufficient to start the two-year statute of limitations period. *Id.* Importantly, the court noted that the third party collection letter "just as likely indicated the investigation was ongoing," and thus the plaintiff could not have been on notice of a deficient investigation. *Id.* This Court takes issue with the *Vasquez-Estrada* holding, believing the case was wrongly decided; however, even if the *Vasquez-Estrada* holding were correct, it fails to provide the support Plaintiff seeks.

In contrast to Vasquez-Estrada, Plaintiff first submitted a dispute to Defendant Experian, who then notified Defendant Bayview of the dispute. ECF No. 79-1 at 3-4. Defendant Bayview investigated the dispute, determined the foreclosure entry was accurate, and notified both Defendant Experian and Plaintiff of the same. *Id.* Plaintiff then received the October 30, 2012, letter directly from Defendant Bayview, informing her that the foreclosure entry on her credit report was accurate and would not be removed. ECF No. 79-2 at 13-14. Consequently, Plaintiff understood that the foreclosure entry would remain on her credit report following the conclusion of Defendant

Bayview's investigation, ECF No. 79-2 at 13-14, contrary to Vasquez-Estrada, who purportedly did not know whether the furnisher's investigation had concluded, 2015 WL 6163971 at *3.

Finally, Plaintiff relies on *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100 (9th Cir. 2012), for the holding that the defendant must "conclusively show that the [plaintiff] knew or should have known of the deficiencies in [the furnisher's] investigation" for the statute of limitations to begin to run. *Id.* at 1111. The *Drew* court held that the furnisher of credit information to the consumer reporting agencies failed to meet that burden. *Id.*

Drew received collection calls from the furnisher of information for his credit report, and in those calls, the plaintiff disputed inclusion of the delinquent accounts on his credit report. *Id.* at 1110. In stark contrast to this case, the Ninth Circuit found the plaintiff was informed that the investigation was ongoing, as the furnisher told him that the "charges could not be removed from his account 'until [the] investigation was over.'" *Id.* at 1111. Moreover, that court noted that the plaintiff had provided the furnisher with relevant information himself through a direct dispute, and because he knew the furnisher had this information, he also knew that future "incorrect results could only be attributable to an unreasonable investigation." *Id.* Thus, the statute of limitations would not begin to run until after Drew received those "incorrect results." *Id.*

This Court does not take issue with the *Drew* court's holding that the defendant must "conclusively show that the [plaintiff] knew or should have known of the deficiencies in [the furnisher's] investigation" for the statute of limitations to begin to run. *Id.* Here, Plaintiff submitted a dispute directly to Defendant Bayview, who, after investigating, thereupon responded to Plaintiff in the October 30, 2012, letter advising her that it would not remove the foreclosure entry from her credit report. ECF No. 79-1 at 3-4. Rather than being told the investigation was ongoing, Plaintiff

12

understood the letter to mean that Defendant Bayview had determined the foreclosure entry was accurate. ECF No. 79-2 at 13-14.

Following *Drew*'s reasoning, because Plaintiff provided Defendant Bayview with relevant information herself through a direct dispute, and because she knew Defendant Bayview had this information prior to the October 30, 2012, letter, she also knew that the alleged incorrect results could be attributable only to an unreasonable investigation, as Defendant Bayview refused to remove the foreclosure entry from her credit report. Thus, the reasoning from *Drew* further supports the Court's finding that Plaintiff knew or should have known of the claimed FCRA violation under 15 U.S.C. § 1681s-2 at the latest when she received Defendant Bayview's October 30, 2012, letter informing her that it would not remove the foreclosure entry from her credit report. ECF No. 84 at 6-7. Consequently, the Court is of the opinion that Defendant Bayview "conclusively show[ed] that [Plaintiff] knew or should have known of [any] deficiencies in [Defendant Bayview's] investigation," *Drew*, 690 F.3d at 1111, when the statute of limitations began to run on October 30, 2012. As such, it did not err in holding that Plaintiff's FCRA claim is barred by the two-year statute of limitations in the FCRA.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's Rule 59(e) motion to alter or amend the Court's Order granting Defendant Bayview's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of April, 2016, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE